FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

99 DEC 21 AM 10: 42

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| SARAH DUNCAN, )<br>    Plaintiff; )<br> )<br>-vs.- )<br> )<br>CITY OF FULTONDALE, ALABAMA )<br>THE GAS BOARD OF THE CITY OF )<br>FULTONDALE, ALABAMA, AND THE )<br>JEFFERSON COUNTY PERSONNEL )<br>BOARD )<br>    Defendants. ) | No. CV-98-P-1838-S |

ENTERED
DEC 21 1999

## OPINION

The court took under submission at its August 16, 1999 motion docket the following five motions:  1) the plaintiff's July 2, 1999 Motion to Suppress the Deposition of Sarah Duncan; 2) the plaintiff's July 19, 1999 Motion to Withdraw Jury Demand; 3) defendant Gas Board of the City of Fultondale's July 2, 1999 Motion for Summary Judgment; 4) defendant City of Fultondale's July 2, 1999 Motion for Summary Judgment; 5) defendant Personnel Board's July 19, 1999 Motion for Summary Judgment.  After careful consideration, the plaintiff's motion to suppress is due to be denied, and her motion to withdraw jury demand is moot.  The defendants' motions for summary judgment are due to be granted.

It should be noted that throughout this litigation, Ms. Duncan has proceeded as a pro se litigant.  As such, she "occup[ies] a position significantly different from that occupied by litigants

1



represented by counsel" and her pleadings have been given special attention by the court.[1] *Johnson v. Pullman, Inc.*, 845 F.2d 911, 914 (11th 1988).

### Facts[2]

The plaintiff, Sarah Duncan, is a 55-year-old white female. In 1995, she was referred by the Jefferson County Personnel Board to the Gas Board of the City of Fultondale for employment. On July 31, 1995, she was hired by the Gas Board as an administrative clerk. Her supervisors were William McGuirk, Leslie Shipp, and the Mayor of Fultondale, who serves as superintendent of the Gas Board. At the time Ms. Duncan first became employed at the Gas Board, former Mayor John McCain headed the department. When the plaintiff was terminated, the position was held by McCain's successor, Mayor James Lowery.

During her employment with the Gas Board, the plaintiff had trouble getting along with her coworkers and her supervisors. She was frequently reprimanded by her supervisors for making inappropriate comments to customers and for clocking in early.

In late February 1996, Mayor McCain recommended to the Personnel Board that the plaintiff be required to undergo a psychological examination. Duncan met with a psychiatrist at the University of Alabama, who found that although she was depressed and under considerable stress, she was capable of performing her job duties. *See* Pl.'s Exh. 33.

Prior to her termination, the plaintiff was subject to two disciplinary actions. The plaintiff alleges that she was given a raise by the Gas Board, and that on August 30, 1996, that raise was

---

[1] It should also be added that as Ms. Duncan has filed a number of lawsuits in this court on a pro se basis, she has developed a certain level of sophistication with legal theories and pleadings, for which she is to be commended.

[2] The recitation of "facts" is presented in the light most favorable to the plaintiff.

2

taken out of her check. On October 30, 1996, the plaintiff went AWOL from the Gas Board from 8 a.m. until approximately noon. She was disciplined with a 5-day suspension.

During her employment at the Gas Board, the plaintiff filed at least seven employee grievances. Additionally, she wrote and called persons other than her direct supervisors with her complaints and concerns. She was instructed by Mayor Lowery not to discuss her employment concerns, her workload, or Gas Board business with supervisors outside her department and with Gas Board customers. Specifically, he told her to work through her chain of command. On February 27, 1997, the plaintiff met with representatives of the City, the Gas Board and the Personnel Board in an effort to resolve her employment problems.

On March 18, 1997, Lowery placed Duncan on administrative leave with pay. On March 24th, he held a pre-termination hearing and the plaintiff was given the opportunity to respond to the complaints against her. The next day, the plaintiff was terminated.

On April 18, 1997, the plaintiff filed a charge of discrimination with the EEOC. In June 1997, the plaintiff appealed Lowery's decision to the Personnel Board. A hearing was held before a hearing officer, who recommended to the Personnel Board that the plaintiff be reinstated. After hearing oral argument on the matter, the Personnel Board declined to follow that recommendation and upheld the plaintiff's termination. On August 19, 1997, Duncan appealed the Board's decision to the Circuit Court of Jefferson County where her former attorney waived her right to present evidence or argument on her behalf. The court denied her request for reinstatement.

On September 5, 1997, the plaintiff filed suit in this court against the current defendants. That suit, styled CV 97-P-2250-S, was dismissed without prejudice on the ground that the plaintiff's claims were not yet ripe for adjudication. On April 9, 1998, the EEOC issued a Notice

3

of Right to Sue to the plaintiff which either the plaintiff or her attorney received on or before April 13, 1998.

On July 15, 1998, the plaintiff filed this lawsuit alleging violations of Title VII, the Age Discrimination in Employment Act, and § 1983. She claims that she was discriminated against on the basis of her sex, race, and age, and that she was denied procedural procedural due process prior to disciplinary actions being taken against her. The plaintiff also alleges that she was terminated in retaliation for her complaints of discrimination and harassment. She claims that in retaliation for filing this lawsuit, the defendants had her arrested, stalked by an unknown assailant, and harassed her at her home and at her mother's house.[3]

### Analysis

#### The Plaintiff's Motion to Suppress

The plaintiff has asked this court to suppress her own deposition, alleging that it was conducted in bad faith and intended "annoy and embarrass" the plaintiff. The plaintiff has no legal grounds for seeking to suppress her deposition in its entirety; therefore, this motion is due to be denied. However, the plaintiff has filed corrections to her deposition statements that the court has taken under consideration as part of the evidentiary record.

---

[3] On June 25, 1999, the plaintiff filed a third lawsuit in this court against the City and the Gas Board. In that case, styled CV 99-P-1643-S, the plaintiff attempted to bring separately claims relating to alleged harassment after her termination. By this court's order of October 29, 1999, the federal claims alleged in that case were dismissed to be considered as part of this action and the court declined to exercise jurisdiction over the plaintiff's state law claims.

4

The Plaintiff's Motion to Withdraw Jury Demand

As summary judgment is due to be granted as to all of the plaintiff's claims, this motion is moot.

The Defendants' Motions for Summary Judgment

Title VII and ADEA Claims

The plaintiff alleges that she was discriminated against on the basis of her age under the Age Discrimination in Employment Act (ADEA). She has also stated the following claims under Title VII: race discrimination, gender discrimination, and retaliation. Additionally, the plaintiff has filed a § 1983 claim against the defendants for violation of her right to procedural due process.

To state a claim under Title VII or the ADEA, the plaintiff must produce substantial evidence that she was discriminated against on the basis of her race, sex, or age. The court understands Ms. Duncan's deep frustration with the loss of her job. However, absent illegal discrimination, an employer is free to hire and terminate employees for any reason at all. "[An] employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1187 (11th Cir. 1984). Summary judgment is due to be granted because the plaintiff has not offered substantial evidence from which a reasonable jury could conclude that she was intentionally discriminated against on the basis of her race, sex, or age.[4]

---

[4]The defendant have also argued that summary judgment is dues to be granted because the plaintiff filed suit ninety-two days after she received her Notice-of-Right-to-Sue from the EEOC. Because summary judgment is

To state a prima facie case of discrimination, the plaintiff must show that 1) she was a member of a protected group; 2) an adverse employment action was taken against her; and 3) she was treated differently from similarly-situated employees who were not in the protected category. *See McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973). To proceed with a claim that she was discriminated against when she was terminated for misconduct, the plaintiff must present credible evidence that "nearly identical" conduct was engaged in by one or more male or non-white employees who did not suffer the adverse employment action. *See Nix*, 738 F.2d at 1185 (quoting *Davin v. Delta Airlines, Inc.*, 678 F.2d 567, 570 (5th Cir. 1982).

As evidence of sex discrimination, the plaintiff presents the personnel files of four male Fultondale employees who were disciplined for misconduct but not terminated: William McGuirk, Police Chief William Finn, Louis Sheffield, and Ronald Horseley. Neither McGuirk nor Finn are similarly-situated to the plaintiff. Both held extremely different positions from the plaintiff: McGuirk was the plaintiff's supervisor at the Gas Board and Finn headed the City's Police Department. The misconduct that the plaintiff alleges that McGuirk and Finn committed[5] is not similar to that which she was charged with (disruptive behavior at work, insubordination, and going AWOL). *See Nix*, 738 F.2d at 1185.

The plaintiff offers evidence that Sheffield and Horsely went AWOL but were not terminated. This evidence is not particularly significant: Sheffield was AWOL on three days, once for less than half an hour, once for an hour, and once for an hour and a half. Horsely was AWOL

---

warranted on other grounds, the court declines to address this argument.

[5]The plaintiff submits evidence that McGuirk was disciplined for an Alabama bid violation and that Finn was disciplined for making a false statement on his employment action and for falsifying work records.

6

on four days for less than twenty minutes each day, totaling less than an hour. In contrast, the plaintiff was disciplined for being AWOL for four hours in one morning. Although her five-day suspension is severe, there is no evidence to indicate that the plaintiff was treated more harshly than Sheffield and Horsely based on her gender.

As evidence of discrimination against on the basis of race, the plaintiff alleges that Angela Jones, a black female employee of the Gas Board, also went AWOL and did not receive disciplinary action. The plaintiff presents evidence that Jones was AWOL on a number of occasions for small amounts of time and alleges that Jones' personnel file does not reflect any disciplinary actions. The plaintiff points out that Jones was AWOL for eleven hours on January 3, 1996; however, the evidence reflects that the eleven hours were later subtracted from Jones' AWOL time. The plaintiff offers no other evidence that the five-day suspension she received for going AWOL was due to discrimination because she is white.

To state a prima facie case under the ADA, the plaintiff must show that she was replaced by a younger person. The plaintiff satisfied this requirement because it is undisputed that her position was filled by a younger employee: Connie Horton, a 44-year-old white female. It is not enough, however, for the plaintiff to merely show that her replacement was younger. The plaintiff must also present substantial evidence that the defendants' decision to terminate her was motivated by illegal discrimination on the basis of her age. The evidence offered by Ms. Duncan does not suggest that her age was a motivating factor in her termination.

The defendants have offered legitimate non-discriminatory reasons for the plaintiff's termination: they have offered evidence that her supervisors found her to be disruptive; that she made inappropriate comments to her co-workers and customers; and that she was insubordinate to

7

her supervisors. Although the plaintiff vehemently disputes these charges, she has not offered substantial evidence, as required by law, from which a reasonable jury could conclude that the defendant articulated these reasons as a pretext for illegal discrimination. Therefore, the defendants' motions for summary judgment are due to be granted as to plaintiff's Title VII and ADEA claims of discrimination.

Retaliation

The plaintiff must first establish a prima facie case of retaliation by showing 1) she engaged in a statutorily protected activity; 2) an adverse employment action was taken against her; and 3) the adverse action was causally related to the plaintiff's protected activities. *See Little v. United Technologies*, 103 F.3d 956, 959 (11th Cir. 1997). It is undisputed that the plaintiff has satisfied the first two criteria: she was discharged after she filed at least seven grievances with her employer and a charge of discrimination with the EEOC.

The evidence presented to the court suggests that the plaintiff's filing of numerous grievances was a factor in the Gas Board's decision to fire her. For example, the plaintiff testified in her deposition "I was repeatedly told (by Sharon Pigg, Beverly Self, Claire Haynes) that Jim Lowery didn't like the grievances." Pl.'s Dep. at 172. However, the defendants' evidence reflects that Ms. Duncan's disruptive conduct and inability to follow instructions was the determining factor in her termination. An employer can prevail if it can show that it would have taken the same employment action in the absence of the impermissible considerations. *See Pulliam v. Tallapoosa County*, 185 F.3d 1182, 1184 (11th Cir. 1999). Here, the defendants have presented evidence that legitimate reasons were considered, such that in the absence of the grievances the plaintiff would

8

still have been terminated. For example, prior to her termination the plaintiff continued to contact supervisors and other employees with questions and comments about her employment, after having been instructed by Lowery not to do so. The evidence reflects that the defendants attempted to resolve matters when representatives of the Personnel Board, the City, and the Gas Board met with the plaintiff one month before her termination to address her grievances. *See* Aff. of C. Haynes at 3. Although the plaintiff's propensity to file grievances probably factored into the decision to terminate her, she has not presented substantial evidence from which a reasonable jury could conclude that her complaints of discrimination were an overriding consideration in her termination. Therefore, summary judgment is due to be granted as to the plaintiff's retaliation claim.[6]

§ 1983 Due Process

The plaintiff claims that she was denied due process under the Fourteenth Amendment. In her March 1, 1999 letter to the court, the plaintiff argued that the defendants denied her procedural due process because she was not afforded a hearing when she was required to undergo a psychiatric examination, she was suspended for going AWOL, and a raise was taken out of her check.

The fourteenth amendment mandates that a person be provided an opportunity to be heard "at a meaningful time and in a meaningful manner" prior to the deprivation of a liberty or property interest. *Parratt v. Taylor*, 451 U.S. 527, 540 (1981). It is apparent that the plaintiff has been afforded constitutionally adequate due process regarding her disciplinary actions and her

---

[6]The plaintiff also claims that retaliation against her took the form of arrests, stalking, and neighborhood disruptions including a rock though her mother's window, loud noises, and hang-up telephone calls. The court is sympathetic to the plaintiff's difficulties. However, there is no evidence that the defendants were involved in these incidents, and therefore they cannot be held liable for them.

termination.

In February 1996, Ms. Duncan's grievances were informally discussed at a meeting that she agreed to. Prior to her termination, Ms. Duncan was provided with notice of a pre-termination hearing before Mayor Lowery, at which she was permitted to hear and respond to the charges against her. After she was terminated, she appealed the decision to the Personnel Board and a hearing was held before a hearing officer, at which the plaintiff presented witnesses and evidence on her behalf. Although the Personnel Board declined to adopt the hearing officer's recommendation that the plaintiff be reinstated, the plaintiff appealed the Board's decision to circuit court. There the plaintiff, through her former attorney, waived her right to present evidence. The plaintiff was clearly provided with meaningful opportunities to contest the employment actions taken against her; therefore, the defendants have not violated her § 1983 procedural due process rights.

Conclusion

At the summary judgment stage, the plaintiff must present substantial evidence of intentional discrimination by the defendants in order to proceed to trial. Despite Ms. Duncan's active prosecution of this case, a reasonable jury could not conclude from the evidence that the plaintiff was discriminated against. Therefore, the defendants' summary judgment motions are due to be granted as to the plaintiff's Title VII claims of race, gender and age discrimination and retaliation.

Summary judgment is also due to be granted as to the plaintiff's § 1983 claim, as she was afforded constitutionally adequate due process both before and after her termination. As noted

above, the plaintiff's motion to suppress her deposition is due to be denied and her motion to withdraw her jury demand is moot.

Dated: Dec. 20, 1999

/s/ Sam C. Pointer

Judge Sam C. Pointer, Jr.

Service List:
    Sarah Duncan
    Michael G. Graffeo
    J. Anthony Salmon
    Greg Morris
    David A. Lee
    Whit Colvin
    Jefferey W. Brumlow